**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

DORIAN ADVEN CHAVEZ MARTINEZ
3802 Executive Avenue
Apt. A11
Alexandria, Virginia 22305

    *Plaintiff,*

    v.

COUNTRY CHOICE LLC d/b/a BARGAIN
WHOLESALE
1265 4th Street N.E.
Washington D.C. 20002

SERVE: Curt S. Hansen, Registered Agent
      419 7th Street N.W.
      Suite 405
      Washington D.C. 20004

HOUSHANG H. MOMENIAN
24510 Burnt Hill Road
Clarksburg, Maryland 20871

    *Defendants.*

Civil Action No.: 20-59

## COMPLAINT

Plaintiff, Dorian Adven Chavez Martinez ("Plaintiff Martinez" or "Plaintiff"), hereby brings suit against Country Choice LLC d/b/a Bargain Wholesale ("Country), and Houshang H. Momenian ("Momenian") (collectively "Defendants"), for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("the FLSA") and the District of Columbia Wage Payment and Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPCA"). Plaintiff alleges as follows:

### THE PARTIES

1.    Plaintiff Martinez is an adult resident of the Commonwealth of Virginia and was employed by Country and Momenian from in or around July 2011 to December 26, 2019, when he was terminated. Until approximately March 2015, Plaintiff would work for Momenian at his

other business, "Rancher's Pride LLC," a halal meat farm located in Pennsylvania or at Momenian's farm in Clarksburg, Maryland, in addition to working at the wholesale store Momenian owned in D.C "Bargain Wholesale." Beginning in March 2015, Plaintiff worked almost exclusively at the Bargain Wholesale retail store located in the D.C. During that time, Plaintiff Martinez's tasks included, but were not limited to: delivering meats to customers, taking orders from customers, preparing and packing orders, loading the orders into the delivery van, and cleaning up the shop.

2.      Country is a limited liability company organized under the laws of the District of Columbia, which maintains its principal place of business in the District of Columbia at 1265 4th Street N.E. Country operates a store that sells meats to commercial and residential customers in D.C., Maryland and Virginia and does business under the name Bargain Wholesale. Country employed Plaintiff Martinez within the meaning of the FLSA, and the DCMWRA, because, through its owners, officers and agents, it, hired him, determined his rate of pay, paid him his wages, supervised him, disciplined him, set his work schedule, maintained his employment records, provided him with the tools and materials he needed to perform his work, and terminated his employment. Country meets the definition of an "Enterprise Engaged in Commerce" under the FLSA (29 U.S.C. § 203(s)(1)(A)(i)), as it has: (1) employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

3.      Momenian is an owner, officer and/or member of Country. He is an employer of Plaintiff within the meaning of the FLSA and the DCMWRA because: (1) he is an owner, officer

and/or member of Country; (2) he has operational control over Country and is significantly involved in its operations; (3) he has control over Country's corporate funds used to pay employees and can allocate funds as profits; (4) he has authority to hire and fire the Plaintiff and did in fact fire him; (5) he was at least partly involved in determining the Plaintiff's rate and frequency of pay; (6) he was responsible for paying the Plaintiff his wages and signed Plaintiff's paychecks; (7) he made the decision not to pay Plaintiff an overtime premium; (8) he was involved in determining Plaintiff's work schedule; (9) he had authority to discipline the Plaintiff and exercised that authority by verbally reprimanding Plaintiff on several occasions for working to slow; and (10) he maintained Plaintiff's employment records.

## JURISDICTION

4.      The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject-matter jurisdiction under § 1331 because Plaintiff's claims involve federal questions and the Court has pendant jurisdiction over the Plaintiff's District of Columbia law claims under 28 U.S.C. § 1367.

5.      Plaintiff is asserting viable causes of action against Defendants under the DCMWRA because Plaintiff is entitled to the protections of both. During his employment with Defendants, Plaintiff spent more than 50% of his working time in the District of Columbia. *See* D.C. Code § 32-1003(b)(1) ("A person shall be employed in the District of Columbia when [t]he person regularly spends more than 50% of their working time in the District of Columbia.")

6.      This Court has *in personam* jurisdiction over Defendants because they conduct business in the District of Columbia and are registered to do business in the District of Columbia.

## STATEMENT OF FACTS

7.      At all times relevant to the Complaint, Plaintiff was employed by Defendants

Country and Momenian in a non-exempt capacity as a store attendee/delivery man.

8.      Defendants paid Plaintiff on a salary basis. From February 26, 2015 until the end of his employment with Defendants, they paid Plaintiff a weekly salary.  For approximately the last three years the weekly salary was $700 per week. Prior to that, his weekly salary was $650 and before that, his weekly salary was $500. Without examining his payroll records, Plaintiff is uncertain as to precisely when his weekly salary changed.

9.      During almost each week, from February 26, 2015 until his employment ended, Plaintiff routinely worked 6 days per week from 7:00 a.m. to approximately 5:00 p.m. or later. Plaintiff typically took lunch breaks of no more than 30 minutes per day, though sometimes he did not take lunch because he was working. Plaintiff also took vacations each year, during which he did not perform any work. Despite working overtime hours, Defendants only paid Plaintiff his weekly salary and did not pay him an overtime premium for the hours he worked in excess of 40 each work-week.

10.     Defendants did not maintain time records for the Plaintiff. For the last two years, Defendants paid Plaintiff with a non-payroll check which was always signed by Momenian. Before that, Plaintiff was paid part of the weekly salary in cash, and the rest in check.

11.     The applicable statute of limitations under the DCMWRA (which went into effect on February 26, 2015), provides that an action, "must be commenced within 3 years after the cause of action accrued, or the last occurrence if the violation is continuous. . . ." D.C. Code § 32-1308 (c)(1). On a continuing and ongoing basis from February 26, 2015 to the end of Plaintiff's employment with Defendants, they failed to pay him an overtime premium for his overtime hours in violation of the DCMWRA. Given that Plaintiff received his last paycheck on January 4, 2020, the last violation occurred on that date and the limitations period for his wage claims will elapse

on January 3, 2023. Therefore, Plaintiff has asserted timely claims for violations of the DCMWRA for work performed during the following period: February 26, 2015 to the end of his employment with Defendants.

12.     Plaintiff has also asserted timely wage claims under the DCMWRA for work performed from February 26, 2015 to the end of his employment with Defendants for another reason: the statute of limitations for his claims under the DCMWRA was tolled beginning May 27, 2015 and for each day thereafter, when, on a continuing basis, Defendants, failed to comply with the notice provisions of D.C. Code § 32-1008 (c) and (d) (which became effective on February 26, 2015). Section 32-1008 (c) and (d) required Defendants, to provide written notice to Plaintiff of, *inter alia*, his overtime rate of pay and any applicable exemptions. Defendants were required to comply with this written notice provision within 90 days after the statutory amendments took place (no later than May 27, 2015) and within 30 days of any change in that rate. *See* D.C. Code § 32-1008 (d)(1)(A). At no time from May 27, 2015 until the end of Plaintiff's employment with Defendants, did they provide Plaintiff with written notice of any type (not even in the checks Plaintiff was given), indicating Plaintiff's rate of overtime pay or any applicable exemptions that applied to his work. Since Defendants failed to provide the required written notice to Plaintiff, the statute of limitations in § 32-1308 (c) was tolled as of May 27, 2015. This also means that Plaintiff has timely unpaid wage claims for following time frame: February 26, 2015 to the end of Plaintiff's employment with Defendants. *See* D.C. Code § 32-1008 (d)(3) ("The period prescribed in § 32-1308 (c), shall not begin until the employee is provided all itemized statements and written notice required by this section").

13.     Thus, for the period of February 26, 2015 to the end of his employment with Defendants, Plaintiff is entitled to his unpaid overtime wages plus an equivalent amount equal to

three times his unpaid overtime wages as liquidated damages pursuant to D.C. Code §§ 32-1012 (b)(1), along with attorney's fees at the Legal Services Index ("LSI") Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

14.     At the present time, Plaintiff is unable to calculate the full extent of his damages because he does not possess all of his payroll records. Those records are in the exclusive possession of the Defendants.

## COUNT I
## VIOLATIONS OF THE FLSA

15.     Plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.

16.     At all times relevant to the Complaint, Plaintiff was engaged in commerce and/or handled goods that have been moved in commerce, and alternatively, Country was an enterprise engaged in commerce within the meaning of the FLSA.

17.     During the vast majority of work weeks from February 26, 2015 to the end of his employment with Defendants, Plaintiff worked in excess of forty hours per week.

18.     Country and K. Momenian violated the FLSA by knowingly failing to pay Plaintiff an overtime premium for his overtime hours – *i.e.* one and one-half times his regular hourly rate for each hour over 40 that he worked during the three-year period which precedes the filing date of the Complaint.

19.     Country's and Momenian's actions were willful as defined by the FLSA and were not undertaken in good faith and therefore, they are liable to Plaintiff for liquidated damages and the statute of limitations is extended to three years.

Case 1:20-cv-00059-DLF   Document 1   Filed 01/09/20   Page 7 of 9


20.     Country and Momenian are liable to Plaintiff under 29 U.S.C. § 216(b) of the FLSA, for his unpaid overtime premium compensation for work performed from January 8, 2017 to the end of his employment with Defendants, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees (at LSI rates, *see D.L. v. District of Columbia*, 924 F.3d 585 (D.C. Cir. 2019) and litigation expenses.

21.     The precise amount owed to the Plaintiff by Country and Momenian cannot be calculated at this time because Plaintiff does not possess all applicable records.

## COUNT II
## VIOLATIONS OF THE DCMWRA

22.     Plaintiff re-alleges and incorporates the allegations contained in the paragraphs above.

23.     At all times relevant to the Complaint, Plaintiff was an "employee" of Country and Momenian within the meaning of D.C. Code § 32-1002 (2).

24.     At all times relevant to the Complaint, Country and Momenian were "employers" of Plaintiff within the meaning of D.C. Code § 32-1002 (3).

25.     Defendants violated the DCMWRA by failing to pay Plaintiff the applicable minimum wage beginning July 1, 2017.  As of July 1, 2017, the minimum wage was $12.50 per hour. On July 1, 2018, the minimum wage was $13.25 per hour and on July 1, 2019, it went up to $14.00 per hour. D.C. Code § 32-1003 (a)(5)(A)(ii)). At all relevant times, Plaintiff's regular hourly rate was never more than $12.28 per hour which is below minimum wage.

26.     Defendants also violated the DCMWRA by failing to pay Plaintiff an overtime premium for the overtime hours he worked from February 26, 2015 to the end of his employment with Defendants.

27.     As a result of the violations of the DCMWRA by Country and Momenian, they are

liable for Plaintiff's unpaid overtime and minimum wages as alleged above, liquidated damages equal to three times the unpaid overtime and minimum wages and reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the LSI Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

28.     The precise amount owed to the Plaintiff by Country and Momenian cannot be calculated because Plaintiff and his counsel do not possess all of his payroll records, which are in possession of Country and Momenian.

## RELIEF REQUESTED

Plaintiff requests the following relief:

A.     enter a judgment against Country and Momenian, jointly and severally, and in favor of Plaintiff, based on their violations of the FLSA, in the amount of Plaintiff's unpaid and illegally withheld overtime and minimum wages, plus an amount equal to his unpaid overtime and minimum wages as liquidated damages;

B.     enter a judgment against Country and Momenian, jointly and severally, and in favor of Plaintiff, based on their violations of the DCMWRA, in the amount of Plaintiff's unpaid and illegally withheld overtime and minimum wages, plus an amount equal to three times the amount of unpaid overtime and minimum wages as liquidated damages;

C.     as to all Defendants, jointly and severally, award Plaintiff his costs incurred in this action and attorneys' fees at the LSI rate as set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015) and *D.L. v. District of Columbia*, 924 F.3d 585 (D.C. Cir. 2019), as required by D.C. Code § 32-1308 (b)(1).

Respectfully submitted,

_____/s/_____
Omar Vincent Melehy, Esq.
DC Bar No.: 415849
MELEHY & ASSOCIATES LLC
8403 Colesville Road Suite 610
Silver Spring, Maryland 20910
ovmelehy@melehylaw.com
Telephone:     (301) 587-6364
Facsimile:     (301) 587-6308
*Attorney for Plaintiff*